## GEORGE COMNINOS
### *vs.*
## ELWOOD COX

Superior Court        New Haven County        File No. 62447

MEMORANDUM FILED MARCH 31, 1943.

*Nathan Winnick,* of New Haven, for the Plaintiff.

*Woodhouse & Schofield,* of Hartford, for the Defendant.

WYNNE, J. It is almost axiomatic that a collision like the one here involved is due to negligence. It is seldom a pure mishap. The sole question here is whether both drivers were at fault.

The defendant was on familiar ground. The plaintiff had lost his way in a strange city. It was two o'clock in the morning. It is a fair inference that the defendant was intent on getting home. It is equally fair to infer that the plaintiff was proceeding in a halting way. He was alert to see some' one or a sign for directions to get back upon Route No. 1. In the court's mind this negatives the idea of any speed on plaintiff's part.

In analyzing the evidence the most important shred was the sudden scream of apprehension by the girl companion of the plaintiff. She was, of course, seated at his right. It is apparent that she failed to see defendant until too late. There was every reason that she should have seen defendant's car unless the accident happened as plaintiff claims.

The physical evidence, the location of the debris on the pavement, the human element and probability, all combine to corroborate the plaintiff. He assumed an unnecessary burden in pleading due care. Certainly the defendant would have failed to establish the contrary if the burden had been left with him. In the court's opinion the plaintiff carried the burden gratuitously undertaken.

The issues are found for the plaintiff on the complaint and cross complaint. His damages are fixed at $1,500 for which judgment may enter for the plaintiff.